FILED by ___ D.C.
ELECTRONIC
July 27, 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**07-cv-14222-GRAHAM-LYNCH**

CASE NO. _____

ROBIN A. JIMENEZ, individually and on behalf of
all other persons similarly situated,

    Plaintiffs,

v.

LIBERTY MEDICAL SUPPLY, INC.,
a Florida Corporation, LIBERTY HEALTHCARE
GROUP, INC. a Delaware Corporation,
and STEPHEN C. FARRELL,

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, ROBIN A. JIMENEZ, individually and behalf of all other persons similarly situated, and states as follows:

### INTRODUCTION

1. This is a Complaint pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, et seq.) for unpaid wages, unpaid overtime wages, liquidated damages, attorney's fees, pre-judgment interest, and costs. The Plaintiff is a current employee of the Defendants, and seeks recovery of lost wages and overtime pay which was due to her but has remained unpaid. Defendants intentionally miscalculated the rate of regular wages and overtime pay when they failed to pay employees for all time worked and failed to include the production bonuses received by Plaintiff in determining the amount of overtime owed to her.

2. Plaintiff seeks recovery of the accumulated unpaid lost wages and unpaid overtime for the entire three (3) years prior to the filing of this action. In addition, she seeks to represent other current and former employees of the Defendants employed during this same period. It is estimated that well over four thousand (4000) such employees were similarly

situated and subjected to underpayment of hours worked and overtime. In addition to payment of the unpaid lost wages and overtime, Plaintiff seeks recovery of liquidated (double) damages equal to the amount of the unpaid wages and overtime pay for herself, and for all other employees similarly situated.

3. Defendants have already been notified in repeated rulings from this Court that their payroll practices and time keeping practices are violative of the Fair Labor Standards Act. Defendants are collaterally estopped from defending against these claims upon which the Court has already ruled.

## JURISDICTION

4. Jurisdiction in the Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. Section 201, et seq.

## PARTIES

5. The Plaintiff to this action is identified as follows:

(a) At all times material hereto, Plaintiff ROBIN A. JIMENEZ, hereinafter "JIMENEZ," was and is a resident of St. Lucie County, Florida. Plaintiff has been employed by the Defendants from approximately June 1997 through the present date. Plaintiff was and is a non-exempt employee of Defendants who is, or was, subject to the payroll practices and procedures described below and who worked in excess of forty (40) hours during one (1) or more weeks beginning on or after more than three (3) years prior to the filing of this complaint.

(b) At all times material hereto, Plaintiff was individually engaged in commerce, and the work she performed was directly essential to the interstate business performed by the corporate Defendants.

2

6. The corporate Defendants to this action are identified as follows:

   (a) Defendant LIBERTY MEDICAL SUPPLY, INC., is a duly organized corporation licensed to conduct business in the State of Florida.

   (b) Defendant LIBERTY HEALTHCARE GROUP, INC. is a duly organized Delaware corporation authorized to conduct business in the State of Florida.

   (c) At all times material hereto, each of the corporate Defendants employed persons who regularly were and are engaged in commerce or in the production of goods for commerce, with the Defendants each having annual gross volume of sales or business done of not less than Five Hundred Thousand Dollars ($500,000.00). Each corporate Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce as defined within Sections 203(r) and (s) of the FLSA.

7. The individual Defendant to this action is identified as follows:

   (a) Defendant STEPHEN C. FARRELL was at all times material to the causes of action herein a director, officer and shareholder of Defendants LIBERTY MEDICAL SUPPLY, INC. and LIBERTY HEALTHCARE GROUP, INC. Defendant STEPHEN C. FARRELL is a part-time resident of Florida, with his primary residence in Massachusetts.

8. Both of the corporate Defendants are part of the same family of companies, part of PolyMedica Corporation, and share common facilities and management in the operations located primarily in Port St. Lucie, Florida.

9. Both of the corporations employ the same practices and procedures with respect to implementation of the "lunch break rule" and with respect to the calculation of the overtime rate for hourly-rate employees who have earned non-discretionary bonuses during the same pay period in which they have earned overtime.

## COUNT I

10. At times material hereto, Plaintiff JIMENEZ was employed by Defendant LIBERTY MEDICAL SUPPLY, INC.

11. The operations under which Plaintiff JIMENEZ worked were at all times supervised by Defendant FARRELL, and her pay, incentives, and bonuses and employment status were subject to the control of Defendant FARRELL.

12. At all times material hereto, Defendant FARRELL did act directly in the interests of Defendant LIBERTY MEDICAL SUPPLY, INC. and LIBERTY HEALTHCARE GROUP, INC. in relation to Plaintiff JIMENEZ and other employees and actively participated in the day-to-day operations of the corporate Defendants. Thus all Defendants were "employers" of the Plaintiff as defined in 29 U.S.C. § 203(d), and Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1).

13. From June 1997 until the present date, Plaintiff JIMENEZ was employed by Defendants as a new patient sales, new patient enrollment, or patient care specialist representative. At all times material hereto, Plaintiff was individually engaged in commerce, and the work she performed was directly essential to the interstate business performed by the Defendants.

14. At all times material hereto, the Defendants employed persons who regularly were and are engaged in commerce or in the production of goods for commerce, with Defendant LIBERTY MEDICAL SUPPLY, INC. having annual gross volume of sales or business done of not less than Five Hundred Thousand Dollars ($500,000.00). Defendant LIBERTY MEDICAL SUPPLY, INC. was and is an enterprise engaged in commerce or in the production of goods for commerce as defined within Sections 203(r) and (s) of the FLSA.

4

15. During the three (3) years immediately preceding the filing of the Complaint herein, Plaintiff JIMENEZ was paid an hourly wage on a bi-weekly basis.

16. In the course of employment with Defendants, Plaintiff worked the number of hours required of her, but was not paid for all hours worked or paid the correctly calculated time and one-half for all hours worked in excess of forty (40) during a work week. Plaintiff routinely worked in excess of forty (40) hours per week during her employment by Defendants. Plaintiff's employer has a requirement of mandatory overtime for its employees and this policy is reflected in its Employee Handbook. During her tenure, Plaintiff has been required to work mandatory overtime.

17. (a) Defendants employed a "lunch break rule" which caused at least thirty (30) minutes to be deducted from the pay of employees regardless whether they took less than thirty (30) minutes for lunch. Plaintiff routinely took less than thirty (30) minutes for lunch. For example, if Plaintiff only took ten (10) minutes for lunch and then returned to work, her pay would reflect a deduction for the ten (10) minutes taken and a deduction for at least an additional twenty (20) minutes as enforcement of the "lunch break rule." Additionally, Defendants employed a practice of converting any morning or afternoon break that exceeded 16 minutes into a 30 minute meal break. When this occurred, not only was Plaintiff docked a full 30 minutes for her afternoon or morning break, she was not given credit for the 10 minutes of break that is offered by the Defendants as a paid break. Thus, Plaintiff was underpaid for actual time she worked as a result of this practice.

(b) Defendants employed Plaintiff for work weeks longer than forty (40) hours and willfully failed to compensate her for hours worked in excess of forty (40) hours a week at a rate of at least one and one-half times the regular rate at which she was employed, contrary to the requirements of Section 7 of the FLSA (29 U.S.C. §207). Plaintiff is entitled to

5

be paid for lost time during the weeks in which she worked in excess of forty hours per week and to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per week.

(c)     Defendants continue to this date to fail to properly calculate the regular rate of pay and subsequently the proper overtime rate of pay to its employees. Recent deposition testimony of the corporate representatives, Javier Cintron, Payroll Director, and Stephen Veiner, Vice President of Accounting and Assistant Controller, conclusively indicate that certain employees', including Plaintiff's, regular rate of pay was not calculated utilizing the non-discretionary bonuses that are paid to the employees, that the calculation method for determining regular rate of pay for certain employees is calculated on a two-week (80 hour) pay period basis and is not determined based on a single week (40 hour) basis and that for those employees who receive a non-discretionary bonus on a monthly basis, the regular rate calculation does not include any overtime hours worked during the first two weeks of the monthly cycle. These calculation methods are in violation of 29 C.F.R. 779.209.

18.     During the time of Plaintiff's employment, and continuing through the date of the filing of this Complaint, the Defendants repeatedly established non-discretionary production bonuses for its many employees. Among the bonuses provided to Plaintiff were per-item, flat rate incentive payments that were awarded based on specific items sold, incentives based on a percentage of sales and prizes and awards for obtaining pre-determined sales goals.

19.     In order to obtain these bonuses, Plaintiff often worked non-overtime hours and overtime hours and should have been compensated for her overtime at a rate which incorporated the amount of bonuses she received during each work week. Though this overtime pay was due to the Plaintiff, it was not paid by the employer.

6

20. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of wages for time worked but for which no payment was received and for lost overtime compensation.

21. Defendants acted willfully in failing to pay Plaintiff her wage for all hours actually worked and her overtime compensation as required by the FLSA and thus, she is seeking unpaid wages and appropriate overtime compensation for the three (3) years immediately preceding the filing of the Complaint herein.

22. Plaintiff has retained the services of the undersigned counsel and is obliged to pay the firm a reasonable attorney's fee and costs incurred in this action.

23. Plaintiff seeks recovery of full payment of wages for all time worked such that she receives full payment for overtime as provided in the FLSA for the three (3) years preceding the filing of this Complaint, unpaid wages for overtime for the three (3) years preceding the filing of this Complaint, an equal amount in liquidated damages, prejudgment interest, any benefits tied to wages earned, reasonable attorney's fees and costs.

24. Defendants are collaterally estopped, based upon the many rulings of this Court, from raising a defense to the allegations that these practices are in violation of the FLSA, that the Defendants are subject to three years of liability under the FLSA, and that there is no good faith defense available to the Defendants to preclude liquidated damages under the FLSA.

WHEREFORE, Plaintiff, ROBIN A. JIMENEZ, demands judgment against Defendants LIBERTY MEDICAL SUPPLY, INC., LIBERTY HEALTHCARE GROUP, INC. and STEPHEN C. FARRELL as follows:

(a) for compensatory damages for lost pay for hours worked but for which no compensation was paid because of the effect of the "lunch break rule," for lost overtime to the extent that the operation of the "lunch break rule" deprived employees of credit for hours worked

7

in excess of forty (40) hours per week, and for overtime compensation at the rate required by law, an additional equal amount as liquidated damages, together with prejudgment interest, any benefits tied to wages earned, reasonable attorney fees and costs pursuant to the FLSA;

    (b)    grant such other and further relief as this Court deems just and proper.

## COUNT II

### AGAINST ALL DEFENDANTS
### Statutory Collective Action

25. Plaintiffs reallege and incorporate paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiff JIMENEZ brings this action on behalf of herself and other similarly situated employees and former employees of Defendants LIBERTY MEDICAL SUPPLY, INC., LIBERTY HEALTHCARE GROUP, INC. and STEPHEN C. FARRELL, for lost straight time wages and for lost overtime compensation and other relief pursuant to the FLSA.

27. The corporate Defendants used the same practices and procedures with regard to implementation of the "lunch break rule" and with regard to the means by which they calculated overtime pay for those employees who earned non-discretionary production or incentive bonuses during the weeks in which they earned overtime.

28. The Defendants have asserted that they have no intention of voluntarily compensating employees who have been subject to these practices violative of the FLSA. They have described these claims as insignificant.

29. Though the Defendants have been notified that their current practices are in violation of the FLSA they have taken no steps to correct these blatantly incorrect practices.

30. The additional persons who may become plaintiffs in this action are all employees paid on an hourly rate basis who were employed by any of the Defendants at any time during the

8

three (3) years prior to the filing of the complaint in this matter. All such employees were subject to the application of the "lunch break rule". All such employees were also subject to the miscalculation of their regular rate of pay.

31. Other additional persons who may become plaintiffs in this action (who are included in the group defined in paragraph 26, above) are non-exempt employees of Defendants who were paid on an hourly wage basis and were subject to have worked in excess of forty (40) hours during any work week, who did not directly supervise two (2) or more full-time employees, and who were not paid time and one-half as mandated by 29 U.S.C. §207.

32. Records, if any, concerning the actual number of hours worked by Defendants' employees and former employees and the actual compensation paid to employees similarly situated to Plaintiffs are in the possession, care, custody, and control of Defendants. The Plaintiffs are unable at this time to state the exact amount due and owing each similarly situated employee.

33. For more than three (3) years preceding the filing of this Complaint, the Defendants knowingly, willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the FLSA (29 U.S.C. § 207 and § 215(a)(2)) by employing persons in an enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than forty (40) hours without compensating such employees for their actual hours worked or for their employment in excess of such hours at rates not less than one and one-half times the base rates at which they were employed.

34. All similarly situated employees are owed their lost wages and correct overtime rates for each hour each employee worked, including provision for an increase in the overtime pay rate when production bonuses were earned by the employees of Defendants.

9

35. As a direct and proximate result of Defendants' intentional and willful disregard for the FLSA, all similarly situated employees are entitled to unpaid overtime wages for the three (3) year period immediately preceding the filing of this Complaint.

36. Any other employee or former employee who consents to join in this action as a plaintiff is entitled to recover full payment of wages for all time worked such that they receive full payment for overtime as provided in the FLSA for the three (3) years preceding the filing of this Complaint, an equal amount in liquidated damages, pre-judgment interest, any benefits tied to wages earned, reasonable attorney's fees and costs.

37. The Defendants continue to fail to abide by the statutes and regulations which control and regulate the payment of overtime to the employees of Defendants. Defendants should be enjoined and prevented from further violations of the Fair Labor Standards Act.

38. Defendants are collaterally estopped, based upon the many rulings of this Court, from raising a defense to the allegations that these practices are in violation of the FLSA, that the Defendants are subject to three years of liability under the FLSA, and that there is no good faith defense available to the Defendants to preclude liquidated damages under the FLSA.

WHEREFORE, Plaintiff, ROBIN A. JIMENEZ and all similarly situated employees or former employees demand judgment against Defendants LIBERTY MEDICAL SUPPLY, INC., LIBERTY HEALTHCARE GROUP, INC. and STEPHEN C. FARRELL, as follows:

(a) for compensatory damages for full payment of wages for all time worked such that they receive full payment for overtime as provided in the FLSA for the three (3) years preceding the filing of this Complaint, for lost overtime to the extent that the operation of the "lunch break rule" deprived employees of credit for hours worked in excess of forty (40) hours per week, and for overtime compensation at the rate required by law, an additional equal amount

as liquidated damages, together with prejudgment interest, any benefits tied to wages earned, reasonable attorney fees and costs pursuant to the FLSA and Florida common law;

       (b)    grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 27th day of July, 2007.

> The Cullen Law Firm, P.A.
> *Attorneys for Plaintiffs*
> Concourse Tower II – Suite 400
> 2090 Palm Beach Lakes Boulevard
> West Palm Beach, Florida  33409
> Telephone:  561.640.9191
> Telephone:  800.501.4084
> Facsimile:  561.214.4021
>
> By: _____
>     Mark A. Cullen
>     Florida Bar No. 325082
>     Beth L. Blechman
>     Florida Bar No. 599522

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)    **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
ROBIN A. JIMENEZ, individually and on behalf of all other persons simiarly situated

**DEFENDANTS**
LIBERTY MEDICAL SUPPLY, INC., LIBERTY HEALTHCARE GROUP, INC., and STEPHEN FARRELL

(b) County of Residence of First Listed Plaintiff: St. Lucie
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: St. Lucie
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark A. Cullen, Esq. and Beth Blechman, Esq., THE CULLEN LAW FIRM, P.A., 2090 Palm Beach Lakes Blvd., #400, West Palm Beach, FL 33409 (561.640.9191)

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☑ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

07CV 14222 DLG/FJL

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☑ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☑ YES ☐ NO
JUDGE MOORE    DOCKET NUMBER ***SEE ATTACHED LISTING***

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. SECTION 201, et seq.

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE: July 27, 2007

FOR OFFICE USE ONLY
AMOUNT 350    RECEIPT #    IFP

72295

VI. **RELATED/RE-FILED CASE(S)**

    b. <u>Related Cases Docket Numbers</u>:

        05-14059 (*Ealy-Simon, et al v. Liberty Medical Supply, Inc., et al*) Moore

        05-14259 (*Jochem v. Polymedica, et al*) Moore

        06-14097 (*Allen, et al v. Liberty Medical Supply, Inc., et al*) Moore

        06-14279 (*Tennell, et al v. Liberty Medical Supply, Inc., et al*) Moore

        07-14094 (*Alton, et al v. Liberty Medical Supply, Inc., et al*) Moore